Aiken, Appellant, *v.* Dickinson.

Argued September 30, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*C. E. Brockway,* of *Brockway & Whitla,* for appellant.

*C. H. Akens,* of *Akens & Wilkison,* for appellee, was not heard.

PER CURIAM, November 23, 1931:

Plaintiff's bill prays for a decree directing specific performance of a contract for the sale of corporate stock, entered into between him and defendant. After a hearing, the court below found plaintiff was not entitled to the decree prayed for and dismissed the bill. Plaintiff appeals.

Defendant, A. C. Dickinson, owner of the *News-Telegraph,* a newspaper published in the City of Sharon,

entered into an agreement in February, 1925, with W. L. Aiken and C. B. Lartz, to incorporate a company to take over the printing and publishing business of the *News-Telegraph*. Under the agreement, a charter was obtained with a capital stock of 1,000 shares, of the par value of $100 each, of which Dickinson held 600 shares, and Aiken and Lartz, 200 shares each. The agreement provided that, "The said A. C. Dickinson further agrees, for himself, his heirs, executors or administrators, that he will not sell his stock in the corporation to any person before giving to the other stockholders the first opportunity to purchase said stock at the same price at which he offers it to third parties; and that the said C. B. Lartz and W. L. Aiken shall have the privilege to purchase sufficient of the said Dickinson stock at that price as will give to them a majority of all of the outstanding stock, so that the second parties hereto [Lartz and Aiken] will have the controlling interest in said corporation in the event that the first party [Dickinson] desires to dispose of his stock in said corporation."

In November, 1928, Dickinson gave to a newspaper broker an option to sell his three-fifths interest in the outstanding stock of the company for $135,000 (or at the rate of $225 per share), the option containing a clause that the "entire transaction" was "to be contingent upon an agreement with and consent of my partners, W. L. Aiken and C. B. Lartz and upon their refusal to take the stock at this price in accordance with an agreement I have with them." Aiken refused to consent to the option; on the contrary, he secured from Lartz an option on his 200 shares and tendered Dickinson $22,725 ($225 per share) for 101 shares of the latter's stock, which number of shares would have given Aiken, in connection with his option on Lartz's stock, a controlling interest in the publishing company. Dickinson refused to sell this portion of his stock to Aiken, who thereupon filed the bill in this case, asking

that he be compelled to make the transfer. Meantime, for lack of Aiken's consent, the broker's option became ineffective.

Under the above circumstances, defendant having neither sold his stock nor made a final agreement to dispose of the whole or any part of it, the court below correctly found that "no such condition had been reached [as] made it obligatory on the part of A. C. Dickinson to deliver" the stock demanded by plaintiff.

The decree is affirmed at appellant's costs.